■ JACQUELINE FREIMOR et al., Respondents, v CITY OF NEW YORK, Respondent, and GEORGE TIMOTHY DEASON et al., Appellants, et al., Defendants. (And a Third-Party Action.) [843 NYS2d 609]—

Orders, Supreme Court, New York County (Karen S. Smith, J.), entered March 16, 2007, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them and granted plaintiffs' motion for partial summary judgment on the issue of liability against appellants, unanimously reversed, on the law, without costs, appellants' motion granted, and the complaint dismissed as against them. The Clerk is directed to enter judgment in favor of defendants Deason and Horan dismissing the complaint as against them.

Plaintiff Freimor was injured when she tripped over the edge of a flagstone, which was raised by the presence of tree roots, on a public sidewalk located in front of a one-family brownstone owned by appellants and adjacent to a curbside tree well. Dismissal of the complaint as against appellants is warranted because there is no evidence that they created the defective condition in the sidewalk or used the sidewalk for a special purpose, and at the time of the 2002 accident, there was no ordinance or statute shifting liability for injuries resulting from defects in public sidewalks from the municipality to appellants (*see Gitterman v City of New York*, 300 AD2d 157 [2002]). Although appellants had, in 1998, been issued a notice of violation by the Department of Transportation to remedy the subject sidewalk flag, Administrative Code of the City of New York § 19-152 does not expressly impose liability for injuries resulting from the breach of the duty to maintain the sidewalk (*see*

*Sharif v City of New York*, 256 AD2d 111 [1998]). Furthermore, that appellants voluntarily undertook repairs to the sidewalk in 1996 by grinding down the edge of the sidewalk flag to make it even, does not warrant a different conclusion since there is no evidence that the 1996 repair, as opposed to the natural growth of the tree, caused or contributed to the sidewalk defect involved in the 2002 accident (*see Zizzo v City of New York*, 176 AD2d 722, 723 [1991]; *Foley v Liogys*, 124 AD2d 641 [1986]). Concur—Lippman, P.J., Andrias, Williams, Buckley and Malone, JJ.