■ LATISHA JONES, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants, and NICO ASPHALT PAVING, INC., Appellant. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff, v NICO ASPHALT PAVING, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [944 NYS2d 544]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 14, 2011, which denied the motion of defendant/third-party defendant Nico Asphalt Paving, Inc. for summary judgment dismissing the complaint, third-party complaint and all claims against it, unanimously reversed, on the law, without costs, the motion granted, and the complaint, third-party complaint and all claims dismissed as against Nico. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured when, while disembarking from a bus, she stepped into a hole in the pavement immediately surrounding a maintenance hole cover. Defendant Consolidated Edison Company of New York, Inc. had performed work underneath the street approximately two years earlier. That work consisted of making nine openings in the street, performing work on the electrical conduit system underneath the roadway, and then backfilling the openings. The cutting and backfilling was

performed by defendant MEC Construction Corp. Nico paved over the areas where the roadway had been disturbed.

The Con Edison construction inspector for the project testified at his deposition that in connection with the conduit work, MEC opened up a trench, which extended across the roadway and ended near the maintenance hole cover where plaintiff fell. However, he explained that the cover was located in the middle of the hole itself, and that the trench did not extend past the outer wall of the hole. Another Con Edison witness, who inspected the paving performed by Nico on the subject project, was unable to recall whether Nico paved right up to the cover in question. However, he did testify that if the trench had stopped at the outer wall of the hole and had not extended to the cover, Nico would not have been responsible for paving around the cover. The only witness for Nico, a superintendent, gave no testimony as to whether or not Nico paved around the subject maintenance hole.

Nico moved for summary judgment dismissing the complaint, the third-party complaint and all cross claims and counterclaims against it. Nico argued, inter alia, that the collective deposition testimony established that it did not pave around the maintenance hole cover where plaintiff fell and so could not have contributed to the defect that caused the accident. In opposition, plaintiff argued that Nico did not establish that it did not pave around the maintenance hole, since none of the witnesses had firsthand knowledge of whether it did or did not.

The court denied Nico's motion, finding that it had not established as a matter of law that it did not pave the area where plaintiff fell. The court stated that photographs submitted with the motion did not clearly show the place of the accident in relation to the cover or whether the paving included the area immediately adjacent to the maintenance hole cover.

Nico, through the deposition testimony of the Con Edison employees who supervised the project in question, made a prima facie showing of entitlement to judgment as a matter of law dismissing plaintiff's complaint as against it (see Resto v 798 Realty, LLC, 28 AD3d 388 [2006]). The testimony of the construction inspector established that the trench that extended towards the maintenance hole in question stopped short of the cover. The paving inspector confirmed that, had this been the case, Nico would not have been required to pave around the maintenance hole cover.

In opposition to the motion, plaintiff failed to offer any evidence sufficient to raise a triable issue of fact. Significantly, she did not dispute the testimony that the trench did not extend to

the maintenance hole cover and that only the areas where the trench had existed would have been paved. Instead, she argues that summary judgment is precluded by the Con Edison paving inspector's initial statement at his deposition that Nico did work in the "immediate area of a [maintenance] hole cover." However, that witness had no independent recollection of the job and stated that he had to rely on documents. When his recollection was refreshed with Nico's paving order, which did not reflect that work would be done around the cover, he stated that he did not recall Nico having paved in the immediate vicinity of the maintenance hole cover.

It is noted that, even had Nico paved around the cover, plaintiff has presented no evidence that it did the work defectively. Indeed, Con Edison approved the work, and there was a gap of almost two years between the time the work was completed and the accident. Because plaintiff failed to submit evidence establishing a connection between Nico's work and the defect that caused her accident, Nico should have been granted summary judgment (see Robinson v City of New York, 18 AD3d 255, 256 [2005]). Concur—Mazzarelli, J.P., Saxe, Catterson, Acosta and Román, JJ.