■ RENEE LEVINE et al., Appellants, v CITY OF NEW YORK et al., Defendants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Sued Herein as CONSOLIDATED EDISON, Respondent/Second Third-Party Plaintiff. DANELLA CONSTRUCTION COMPANY OF NY, INC., Second Third-Party Defendant-Respondent. (And a Third-Party Action.) [956 NYS2d 5]—

No appeal lies from that part of the order dismissing the second third-party complaint against Danella. Plaintiffs never asserted a direct claim against Danella, and thus, are not aggrieved by the dismissal of the second third-party action (*see* CPLR 5511; *11 Essex St. Corp. v Tower Ins. Co. of N.Y.*, 96 AD3d 699, 699-700 [1st Dept 2012]).

Con Ed established its entitlement to judgment as a matter of law by showing that it did not cause or create the pothole that caused plaintiff Renee Levine's fall and resultant injuries. Con Ed's employee testified that excavation of the area was completed more than two years before the accident, and that he inspected the area at that time and did not find any unsafe conditions or receive any complaints about the work. Moreover, Danella's employee stated that the pothole, identified by plaintiff in photographs, was outside the area that was excavated in 2003 (*see Jones v Consolidated Edison Co. of N.Y., Inc.*, 95 AD3d 659 [1st Dept 2012]; *Robinson v City of New York*, 18 AD3d 255 [1st Dept 2005]).

In opposition, plaintiffs failed to raise a triable issue of fact. The opinions proffered by their expert were conclusory and speculative (*see e.g. Grullon v City of New York*, 297 AD2d 261, 263-264 [1st Dept 2002]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.