■ David Poplaski, Plaintiff, v City of New York et al., Defendants. Consolidated Edison Co. of New York, Inc., Third-Party Plaintiff-Respondent, v Nico Asphalt, Inc., Third-Party Defendant-Appellant-Respondent, and Triumph Construction Corp., Third-Party Defendant-Respondent-Appellant. (And a Fourth-Party Action.) [977 NYS2d 890]—

The third-party defendants, a re-grading contractor and a re-paving contractor, established prima facie that the work they performed did not cause or create the defect that plaintiff claims caused his accident (*see Jones v Consolidated Edison Co. of N.Y., Inc.*, 95 AD3d 659 [1st Dept 2012]). Con Edison has failed to raise an issue about a height differential between its grate and the surrounding roadway that allegedly caused the rear wheel of plaintiff's scooter to lose traction. Concur—Sweeny, J.P., Renwick, Andrias, Freedman and Feinman, JJ.

■ The People of the State of New York, Respondent, v Anthony McGowan, Appellant. [977 NYS2d 891]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. In addition to the victim's testimony, recorded phone calls made by defendant while he was incarcerated pending trial provided persuasive evidence of defendant's guilt.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Renwick, Andrias, Freedman and Feinman, JJ.