■ ROBERTA RAPPAPORT, Plaintiff, v THE DS & D LAND COMPANY, L.L.C., et al., Defendants, MANHATTAN SKYLINE MANAGEMENT CORP. et al., Appellants, and TORPEDO IRON WORKS, Respondent. (And a Third-Party Action.) [6 NYS3d 250]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered September 4, 2014, which granted the motion of defendant Torpedo Iron Works for summary judgment dismissing the amended complaint as against it, unanimously affirmed, without costs.

Plaintiff was injured when, while descending an exterior staircase, she tripped over a protruding metal bracket located at the base of the stairs' right handrail. Defendant The DS & D Land Company, L.L.C. owned the subject premises, defendants-appellants Manhattan Skyline Management Corp. and MHM Realty LLC managed the premises, and Torpedo was hired by defendants on occasion to perform welding work at the premises.

The record establishes that Torpedo did not owe a duty of care to plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Although Torpedo was hired to stabilize the handrails some five months prior to plaintiff's fall, the work did not involve the metal bracket at the base of the handrail. Appellants argue that Torpedo failed to exercise reasonable care in the performance of its duties, and thereby launched a force or instrument of harm, causing plaintiff's injury. Appellants, however, provide no evidence to raise a triable issue of fact as to whether Torpedo negligently performed the work for which it was hired (*see Agosto v 30th Place Holding, LLC*, 73 AD3d 492 [1st Dept 2010]; *Perez v Morse Diesel*, 258 AD2d 428 [1st Dept 1999]).

Appellants' argument that Torpedo owed them a duty to warn of the potential hazard of the protruding metal bracket, is unpersuasive. "In the absence of a contract for routine or systematic maintenance, an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects" (*Daniels v Kromo Lenox Assoc.*, 16 AD3d 111, 112 [1st Dept 2005]). We note that the metal bracket was visible to appellants' own employees who regularly inspected the building and the work performed by Torpedo on the handrail.

Although appellants also seek reinstatement of cross claims for common-law indemnification and contribution, their answer, dated November 9, 2011, asserted no such cross claims. Accordingly, we decline to address the issue. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.