■ KAREN LEITNER, Respondent, v 304 ASSOCIATES, LLC, Defendant, CENTRAL PARKING SYSTEMS OF NEW YORK, INC., Respondent, and CITY OF NEW YORK, Appellant. [10 NYS3d 425]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered July 26, 2013, which, to the extent appealed from as limited by the briefs, denied defendant City of New York's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of the City.

The City is entitled to summary judgment because it met its prima facie burden of demonstrating that it did not receive prior written notice of the pothole that plaintiff identified as the cause of her fall (*see* Administrative Code of City of NY § 7-201 [c] [2]), and plaintiff and codefendant Central Parking Systems of New York, Inc. have failed to show that an exception to the statutory notice requirement applies (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]).

The City's 311 record of a citizen's April 9, 2010 telephonic report of numerous potholes on West 49th Street between

Eighth Avenue and Ninth Avenue at the curbside did not provide the City with prior written notice of the particular pothole that was in the roadway in front of 304 West 49th Street where plaintiff fell on July 20, 2010 (*see Stoller v City of New York*, 126 AD3d 452, 452-453 [1st Dept 2015]; *Boniello v City of New York*, 106 AD3d 612 [1st Dept 2013]). Moreover, the April 29, 2010 FITS report, which indicates that 18 potholes on West 49th Street between Eighth Avenue and Ninth Avenue were closed, is insufficient to establish that any of the potholes that were repaired that day was the subject pothole that caused plaintiff's fall (*see Haulsey v City of New York*, 123 AD3d 606, 607 [1st Dept 2014]; *Abott v City of New York*, 114 AD3d 515, 516 [1st Dept 2014]).

A deposition of the repair crew that fixed the potholes at the accident location prior to the accident is not required, because plaintiff has stated that she does not allege that the City caused or created the alleged defect, and the allegation that the City somehow missed the subject defect when it repaired the area on April 29, 2010, is speculative (*see DeHoyos v City of New York*, 121 AD3d 632 [1st Dept 2014]). Lastly, plaintiff's purported claim that the City may be held liable for her personal injuries because it failed to maintain the manhole cover which is allegedly six inches away from the subject defect (*see* 34 RCNY 2-07 [b] [1]) was not preserved for appellate review (*see Mendelsohn v City of N.Y. [19th Precinct]*, 89 AD3d 569, 569-570 [1st Dept 2011], *lv denied* 19 NY3d 804 [2012]). Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.