■ ELBA CAMACHO, Appellant, v CITY OF NEW YORK et al., Defendants, and CON EDISON, INC., et al., Respondents. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff-Respondent, v HALLEN CONSTRUCTION CO., INC., Third-Party Defendant-Respondent. HALLEN CONSTRUCTION COMPANY, INC., Sued Herein as HALLEN CONSTRUCTION CO., INC., Fourth-Party Plaintiff-Respondent, v NEW YORK PAVING, INC., Fourth-Party Defendant-Respondent. [24 NYS3d 238]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered August 13, 2014, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Hallen Construction Company, Inc. and Consolidated Edison Company of New York, Inc., sued herein as Con Edison, Inc., for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

By demonstrating that the area where plaintiff fell was outside the area where they and their contractor, fourth-party

defendant New York Paving, Inc., performed work, defendants Con Edison and Hallen (defendants) established prima facie that they did not cause or create the defective condition in the sidewalk (*see Levine v City of New York*, 101 AD3d 419 [1st Dept 2012]; *Jones v Consolidated Edison Co. of N.Y., Inc.*, 95 AD3d 659 [1st Dept 2012]). In opposition, plaintiff submitted a speculative and conclusory affidavit by a purported licensed engineer. The engineer attributed plaintiff's fall on the raised sidewalk flag to insufficiently filled expansion joints running from the sidewalk flags where defendants performed work to the raised flag 5½ feet away, but failed to explain how water in the joints raised the flag 5½ feet away but not other flags that were closer to defendants' work and actually abutted the joints. The engineer also failed to explain why he believed that the flag was pushed up by water under it, as opposed to the roots of a nearby tree (*see Freimor v City of New York*, 44 AD3d 514, 515 [1st Dept 2007]; *Yass v Deepdale Gardens*, 187 AD2d 506 [2d Dept 1992]). In any event, plaintiffs had no duty to fill the expansion joints around the subject flag, on which they did not work and which they had not disturbed (*see Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296-297 [1st Dept 1988], *lv dismissed in part, denied in part* 73 NY2d 783 [1988]). Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.