■ Modesto Gomez, Appellant, v City of New York, Defendant, and Consolidated Edison Company of New York Inc., Respondent/Third-Party Plaintiff-Respondent. Nico Asphalt, Inc., et al., Third-Party Defendants-Respondents. [30 NYS3d 616]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered May 23, 2014, which, insofar as appealed from as limited by the briefs, granted defendant Consolidated Edison Company of New York Inc.'s (Con Ed) and third-party defendants Nico Asphalt, Inc.'s (Nico) and Roadway Contracting, Inc.'s (Roadway) motions for summary judgment dismissing the complaint against Con Ed and denied plaintiff's cross motion for leave to amend his bill of particulars, unanimously affirmed, without costs.

Plaintiff allegedly sustained injuries when he stepped into a hole located "immediately adjacent to" the sidewalk curb in front of 240 E. 15th Street in Manhattan. Con Ed's contractors, Nico and Roadway, performed roadwork in front of 240 E. 15th Street about three months before the accident.

The motion court correctly dismissed the complaint against Con Ed. Regardless of how far into the block the accident occurred, plaintiff has consistently claimed that the accident occurred "immediately adjacent to" the curb, and the evidence undisputedly shows that the roadwork was performed at least two feet from the curb (*see Levine v City of New York*, 101 AD3d 419, 420 [1st Dept 2012]; *Robinson v City of New York*, 18 AD3d 255, 256 [1st Dept 2005]).

The motion court providently exercised its discretion in deny-

ing plaintiff leave to amend his bill of particulars to provide a more accurate narrative description of the location of his fall. He failed to provide a reasonable explanation as to why he did not seek leave to amend until almost nine years after the commencement of the action, over 4½ years after the filing of the bill of particulars, and about four months after the filing of the note of issue (*see Cintron v New York City Tr. Auth.*, 77 AD3d 410, 410 [1st Dept 2010]; *Haddad v New York City Tr. Auth.*, 5 AD3d 255 [1st Dept 2004]). In addition, granting leave at this stage of the litigation would be prejudicial to Con Ed, Nico, and Roadway. In any event, the proposed amendment, which still claims that the accident occurred "immediately adjacent to the curb of the sidewalk in front of 240 E. 15th Street" would not change the result, given the evidence that the roadwork was performed at least two feet from the curb. Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.