Girard v Port Auth. of N.Y. & N.J. (2020 NY Slip Op 00918)





Girard v Port Auth. of N.Y. & N.J.


2020 NY Slip Op 00918


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10973 161946/15

[*1] Jacqueline Girard, Plaintiff-Appellant,
v
The Port Authority of New York and New Jersey, Defendant-Respondent.


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka and William Manning of counsel), for appellant.
Port Authority Law Department, New York (Juan M. Barragan of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about December 14, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant made a prima facie showing of entitlement to summary judgment by submitting evidence demonstrating that it does not own the location where plaintiff alleges she fell or the property abutting the public sidewalk in that area (see Administrative Code of City of NY § 7-210; Cohen v City of New York, 101 AD3d 426 [1st Dept 2012]). Defendant also demonstrated it did not create the alleged condition by submitting affidavits from employees who averred that they were familiar with defendant's construction activities at the time of the accident and that it performed no construction work at the subject location before the accident (see Camacho v City of New York, 135 AD3d 482, 482-483 [1st Dept 2016]; Melcher v City of New York, 38 AD3d 376, 377 [1st Dept 2007]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether defendant caused or created the alleged defect. Her claim that defendant's subsurface work or its contractor's snow or trash removal activities at the accident location created the complained-of height differential in the pavement is speculative, given that she submitted no expert affidavit or any evidence that would demonstrate the existence of a question of fact as to how those activities proximately caused the alleged condition (see Jones v Consolidated Edison Co. of N.Y., Inc., 95 AD3d 659, 661 [1st Dept 2012]).
Furthermore, plaintiff's claim that defendant owed her a duty of care to maintain the sidewalk because it owned 2 World Trade Center is not preserved for appellate review (see Leitner v 304 Assoc., LLC, 129 AD3d 415, 416 [1st Dept 2015]). In any event, plaintiff alleges that she fell on the sidewalk across the street from that property.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK