Shamilova v Berkowitz (2021 NY Slip Op 01493)





Shamilova v Berkowitz


2021 NY Slip Op 01493


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 303939/09 Appeal No. 13287 Case No. 2019-04949 

[*1]Joseph Shamilova, as Executor of the Estate of Khava Shamilova, Plaintiff-Respondent,
v
Elissa Berkowitz et al., Defendants-Appellants.


Lewis Johs Avallone Aviles, LLP, Islandia (Amy E. Bedell of counsel), for Elissa Berkowitz, appellant.
Wade Clark Mulcahy LLP, New York (Raymond Gonzalez of counsel), for Dora Lieberman Irrevocable Grantor Trust, appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place (John E. McLoughlin of counsel), for Judith Sabo and Solomon Sabo, appellants.
Barry McTiernan & Moore LLC, New York (David H. Schultz of counsel), for Yeshiva Shaare Torah, Inc., appellant.
Mallilo & Grossman, Flushing (Spencer R. Bell of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 27, 2019, which denied defendants' motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously modified, on the law, to grant the motions of defendants Lieberman Trust, Judith and Solomon Sabo and Yeshiva Shaare Torah, Inc., and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against said defendants.
In this personal injury action, plaintiff's decedent,[FN1] Khava Shamilova (Shamilova), was exiting a vehicle when she slipped and fell on ice as she stepped onto the sidewalk that either abutted or was part of the property owned by defendant Elissa Berkowitz. It is undisputed that defendants Lieberman Trust (Lieberman), Judith and Solomon Sabo (collectively Sabo) and Yeshiva Shaare Torah, Inc. (Yeshiva) (collectively the easement holders) had an easement consisting of a driveway traversing a sidewalk. The easement led into a gated lot where Lieberman and Sabo kept vehicles and their garages, and which allowed Yeshiva egress for an emergency exit from their building. Plaintiff's theory of liability against Berkowitz is that either as owner of the sidewalk or owner of the property abutting the sidewalk where Shamilova fell, Berkowtz had a duty to maintain the area. The theory of liability against the easement holders is that Shamilova fell on the easement which the easement holders had a duty to maintain (see Raksin v Crown-Kingston Realty Assoc., 254 AD2d 472, 473 [2d Dept 1998], lv denied 94 NY2d 751 [1999]).[FN2]
The easement holders proved prima facie that they did not have a duty to maintain the portion of the sidewalk where Shamilova fell. In identifying the location of the easement, they provided the deeds describing the location of the easement as well as corroborating affidavits detailing their use and understanding of the easement, which were consistent with the deeds. They depicted the location of the easement on photographs. The proof provided was sufficient to demonstrate that the easement included ten feet of the driveway located directly in front of the rolling gate which provided entry into the parties' shared parking lot/exit. The easement holders also demonstrated that Shamilova fell on a portion of the sidewalk which was located to the west of the rolling gate and not part of the easement. They relied on Shamilova's sworn affidavit, made before she died, as well as the testimony of Shamilova's brother and son who were eyewitnesses to the accident. All three of them marked photographs of the area, which placed the location of Shamilova's fall as being west of the easement. In opposition, plaintiff failed to raise a triable issue of fact on either the location of the easement or the location of her fall. Because the easement defendants neither owned property abutting the relevant portion of the sidewalk nor did Shamilova fall on the easement, no liability may be imposed [*2]on them (see Girard v Port Auth. of N.Y. & N.J., 180 AD3d 441 [1st Dept 2020]).
Berkowitz, however, is not entitled to summary judgment dismissing the case. She claims to be the abutting landowner. She provided the deed to her property as well as her corroborating sworn testimony and a pictorial representation of the property boundaries. The location of the fall as depicted by Shamilova and her witnesses was not within Berkowitz's property boundaries. Plaintiff raised no issue of fact disputing this showing. Berkowitz admits, however, that she is the abutting landowner to the public sidewalk on which Shamilova fell. Consequently, unless she is exempt from the statutory liability imposed by Administrative Code of the City of New York because her property was used as a single-family residence, she had a duty to maintain that sidewalk (Administrative Code § 7—210[a], [b]). Berkowitz's deposition testimony shows that at the time of the accident, she was allowing someone to use her garage to store business equipment and display a sign. She subsequently requested that the sign and equipment be removed from her garage because it looked like a business was operating there. It is not clear on this record that the sign and equipment were uses incidental to the residential use of her property (DeBlasi v City of New York, 157 AD3d 656, 657-658 [2d Dept 2018]). Therefore, she failed to eliminate issues of fact regarding whether her property was used exclusively as a single-family residence (see Meyer v City of New York, 114 AD3d 734 [2d Dept 2014]). Even if she made a prima facie case of entitlement to the exemption, there is a disputed issue of fact regarding incidental use which would defeat summary judgment (see Koronkevich v Dembitzer, 147 AD3d 916 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021



Footnotes

Footnote 1: The parties agree that Ms. Shamilova's death was not related to this accident.

Footnote 2: At oral argument, plaintiff's attorney represented that they were not pursuing a legal theory of cause and create against any of the defendants.