Aneke v Parks (2021 NY Slip Op 04690)





Aneke v Parks


2021 NY Slip Op 04690


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-09502
 (Index No. 10173/12)

[*1]Luke Aneke, appellant, 
v
Trevor Parks, etc., defendant, Fasal Yussuff, et al., respondents.


Wallace & Associates, P.C., Brooklyn, NY (Larry Wallace of counsel), for appellant.
Saiber LLC, New York, NY (Jennine DiSomma and Vincent C. Cirilli of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of race and national origin, hostile work environment, and unlawful retaliation, in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated August 1, 2017. The order (1) granted the motion of the defendants Fasal Yussuf, Brian Persaud, Brenda Harris, Lisa Choleff, George Strachan, Jean Richards, PHS Medical Services, and American Service Group to strike the plaintiff's opposition papers to their motion for summary judgment dismissing the complaint insofar as asserted against them to the extent that the opposition papers were not considered in rendering the determination on the motion for summary judgment, (2) denied the plaintiff's cross motion for leave to extend his time to submit opposition papers, and (3) granted those defendants' unopposed motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted the unopposed motion of the defendants Fasal Yussuf, Brian Persaud, Brenda Harris, Lisa Choleff, George Strachan, Jean Richards, PHS Medical Services, and American Service Group for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as no appeal lies from a portion of an order entered on the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Fasal Yussuf, Brian Persaud, Brenda Harris, Lisa Choleff, George Strachan, Jean Richards, PHS Medical Services, and American Service Group.
Contrary to the plaintiff's contention, the Supreme Court did not err in granting the motion of the defendants Fasal Yussuf, Brian Persaud, Brenda Harris, Lisa Choleff, George Strachan, and Jean Richards, and the defendants PHS Medical Services and American Service Group, both now known as Corizon Health, Inc. (hereinafter collectively the defendants), to strike the plaintiff's opposition papers to their motion for summary judgment dismissing the complaint insofar as asserted against them, since the plaintiff failed to comply with the requirements of CPLR [*2]2214 (see Garner v Rosa Coplon Jewish Home & Infirmary, 189 AD3d 2105; Lin v City of New York, 117 AD3d 913). Moreover, the court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 2004 for leave to extend his time to file opposition papers, as the plaintiff failed to show good cause for the delay (see Miglionico v Homeowners' Assn., Inc., 184 AD3d 818; Adotey v British Airways, PLC, 145 AD3d 748, 750).
Since the Supreme Court properly declined to consider the plaintiff's opposition papers (see CPLR 2214[c]), the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them was unopposed, and the appeal from that portion of the order must be dismissed, as no appeal lies from a portion of an order entered on the default of the appealing party (see CPLR 5511; Pappas v Pappas, 103 AD3d 615, 616).
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court