McDaniel v City of New York (2022 NY Slip Op 05501)

McDaniel v City of New York

2022 NY Slip Op 05501

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 023557/15 Appeal No. 16319-16320 Case No. 2022-00305, 2021-03152 

[*1]Lillian McDaniel, Plaintiff-Respondent-Appellant,
v
The City of New York et al., Defendants-Appellants-Respondents, Step Mar Contracting Corp., et al., Defendants-Respondents. (And a Third-Party Action.)

Fischetti & Pesce, LLP, Rockville Centre (Michelle A. Gellman of counsel), for Triumph Construction Corp., appellant-respondent.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for The City of New York, appellant-respondent.
Malapero Prisco & Klauber, LLP, New York (Robert L. Emmons of counsel), for Carlo Lizza & Sons Paving, Inc., appellant-respondent.
Burns & Harris, New York (Mariel Crippen of counsel), for Lillian McDaniel, respondent-appellant.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered August 12, 2021, which denied the motions of defendants The City of New York and Carlo Lizza & Sons Paving, Inc. for summary judgment dismissing the complaint and cross claims as against them, respectively, unanimously modified, on the law, to grant Carlo Lizza & Sons's motion dismissing the complaint and all cross claims against it, and otherwise affirmed, without costs. Order, same court and Justice, entered August 12, 2021, which denied defendant Triumph Construction Corp.'s motion for summary judgment dismissing the complaint and cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that she tripped and fell while walking in an uneven and cracked portion of crosswalk at one of the two T-intersections of 187th Street and Webster Avenue in the Bronx. A little over a year before plaintiff's alleged accident, Carlo Lizza & Sons had performed road milling work on Webster Avenue between 180th and 189th Streets. Moreover, five years before plaintiff's accident, Triumph had installed electrical conduits along Webster Avenue and its two intersections with 187th Street; that work involved excavation and trenching of the roadway along the curb line.
Summary judgment is not warranted in the City's favor, as a Big Apple Map, which the City acknowledged receiving, is marked at the accident location with the symbol representing "pothole or other damage." Whether the defect depicted on the map is the defect of which plaintiff complains, thus satisfying the Administrative Code of the City of New York § 7-201(c)(2), is a question for the jury (see Foley v City of New York, 151 AD3d 431, 431 [1st Dept 2017]). The City inappropriately waited until its reply to argue that certain Google Maps images demonstrated that no actionable defect existed at the accident location. In any event, the later Google images do not, as a matter of law, establish that the defect depicted on the Big Apple Map was different from the one plaintiff claims to have tripped over; they merely raise factual disputes.
By contrast, Carlo Lizza & Sons established its entitlement to judgment as a matter of law by showing that there is no connection between its road milling work and the alleged defect in the crosswalk (see Jones v Consolidated Edison Co. of N.Y., Inc., 95 AD3d 659, 661 [1st Dept 2012]; Levine v City of New York, 101 AD3d 419, 220 [1st Dept 2012]). The record supports Carlo Lizza & Sons's assertion that it did not perform any milling on 187th Street, where the plaintiff fell. Moreover, plaintiff does not submit evidence to show how Carlo Lizza & Sons's milling work, even if it had been performed in the area where plaintiff fell, could have caused a defect to develop in the later paving work (see Rappaport v DS & D Land Co., L.L.C., 127 AD3d 430, 430 [1st Dept 2015]; Robinson v City of New York, [*2]18 AD3d 255, 256 [1st Dept 2005]).
Triumph also established its entitlement to summary judgment by showing that its work on Webster Avenue did not involve the crosswalk where plaintiff fell, and that in fact, the work was not adjacent to the crosswalk, but was along the curb line on the opposite side of the street from where plaintiff fell (see id.). Nor is there any evidence connecting Triumph's work to plaintiff's fall five years later (see Jones, 95 AD3d at 661).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022