Brunet v JP Morgan Chase Bank N.A. (2023 NY Slip Op 02379)

Brunet v JP Morgan Chase Bank N.A.

2023 NY Slip Op 02379

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Index No. 153408/13 Appeal No. 166-166A Case No. 2021-02091 

[*1]John Brunet, Plaintiff-Appellant,
v
JP Morgan Chase Bank National Association et al., Defendants-Respondents.
JP Morgan Chase Bank National Association, Third-Party Plaintiff-Respondent,
v
DBSI Incorporated, Third-Party Defendant-Respondent.
DBSI Incorporated, Second Third-Party Plaintiff- Respondent,
v
Shaw Contracting, Inc., et al., Second Third-Party Defendants. [And a Third Third-Party Action]

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for JP Morgan Chase Bank National Association, respondent.
The Law Offices of Terrence F. Kuhn, New York (Gregory P. Lewis of counsel), for DBSI Incorporated, respondent.

Order, Supreme Court, New York (Kelly O'Neill Levy, J.), entered April 15, 2021, which, to the extent appealed from, granted defendant JP Morgan Chase Bank National Association's (Chase) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs. Appeal from so much of the order as granted defendant DBSI Incorporated's unopposed motion for summary judgment dismissing the complaint as against it, unanimously dismissed, without costs.
The court correctly dismissed the complaint in this action arising from plaintiff's slip and fall on ice on the public sidewalk adjacent to a Chase bank in Warwick, New York while performing construction work. Chase established its prima facie entitlement to summary judgment on the Labor Law § 200 and common-law negligence claims by demonstrating that it owed no duty to maintain the public sidewalk. Administrative Code of the City of New York § 7-210 is inapplicable, as the accident did not occur in New York City. Further, Chase established that it did not create the hazardous condition by demonstrating that none of the work being performed was to the exterior of the bank, and that it made no special use of the sidewalk (see Girard v Port Auth. of N.Y. & N.J., 180 AD3d 441, 441 [1st Dept 2020]; cf. D'Ambrosio v City of New York, 55 NY2d 454 [1982]). In opposition, plaintiff failed to raise a triable issue of fact. His contentions that Chase could be held liable for the actions of its maintenance contractor are unavailing.
The Labor Law § 241(6) claim was correctly dismissed, as the public sidewalk was not a passageway or walkway under Industrial Code (12 NYCRR) §§ 23-1.7 (d) or 23-1.7 (e)(2) (see Johnson v 923 Fifth Ave. Condominium, 102 AD3d 592, 593 [1st Dept 2013]). Nor did the sidewalk constitute a working area under Industrial Code § 23-1.7 (e)(2), since all work was performed in the interior of the premises.
Plaintiff concedes, on reply, that no appeal lies from the order to the extent it granted DBSI's unopposed motion for summary judgment dismissing the complaint as against it (see CPLR 5511; Aneke v Parks, 197 AD3d 601, 603 [2d Dept 2021]). Even if that portion of the order were appealable, DBSI is entitled to summary judgment, absent evidence that it was responsible for maintaining the sidewalk or that it created the hazardous condition.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023