McHugh v Peduto Constr. Corp. (2024 NY Slip Op 01515)

McHugh v Peduto Constr. Corp.

2024 NY Slip Op 01515

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 162650/15 Appeal No. 1872 Case No. 2023-02398 

[*1]Edward McHugh, Respondent,
v
Peduto Construction Corp., Appellant, Consolidated Edison Company of New York, Inc., et al., Defendants.
Consolidated Edison Company of New York, Inc., Third-Party Plaintiff,
v
Peduto Construction Corp., Third-Party Defendant-Appellant.

Boyle Shaughnessy Law, P.C., Rye Brook (Walter J. Klimczak III of counsel), for appellant.
Decolator, Cohen & DiPrisco, Garden City (Carolyn M. Canzoneri of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered April 13, 2023, which denied defendant/third-party defendant Peduto Construction Corp.'s motion for summary judgment dismissing all claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this personal injury action, plaintiff Edward McHugh alleges that he tripped and fell in a pothole in the roadway by a construction site.
Peduto established its prima facie entitlement to judgment as a matter of law by submitting documentary evidence and testimony demonstrating that it was hired by Con Edison to restore a cut made by Con Edison in the sidewalk, that it performed work solely on the sidewalk — and not on the roadway — and that Con Edison's inspector signed off on its work (see Jones v Consolidated Edison Co. of N.Y., Inc., 95 AD3d 659, 660 [1st Dept 2012]).
To raise an issue of fact, plaintiff was required to provide proof that would permit "a finding of proximate cause based not upon speculation, but upon the logical inferences to be drawn from the evidence" (Flores v City of New York, 29 AD3d 356, 358 [1st Dept 2006] [internal quotation marks omitted]). Here, plaintiff failed to submit evidence that Peduto did any work in the roadway that could have caused the defect or pothole. Deposition testimony noting that contractors sometimes receive verbal instructions from Con Edison to do other work, absent any evidence that verbal instructions were received in this case, is merely surmise or conjecture. It is also contradicted by Peduto's witness's testimony that any verbal directions to do extra work would be reflected in the order (which noted none) and would have been inspected by Con Edison.
As a result, plaintiff failed to raise an issue of fact because he did not raise any non-speculative basis for a finding that Peduto caused the roadway defect over which plaintiff tripped (id. at 359 ["speculative assertions regarding the . . . use of any machinery that could have caused the defect" was insufficient to connect the defendant's work to the situs of the plaintiff's injury]; see also Bagley v 1122 E. 180th St. Corp., 203 AD3d 502, 503 [1st Dept 2022] [no triable issue of fact "as to whether the work Con Ed performed to the roadway adjacent to the accident location . . . caused or contributed to the alleged condition on the curb and sidewalk"]; Camacho v City of New York, 135 AD3d 482, 483 [1st Dept 2016] [the plaintiff's expert's "speculative and conclusory" affidavit insufficient to raise an issue of fact]).
Further, plaintiff's argument that the geographic and temporal proximity of Peduto's work to the date and location of plaintiff's accident raises an issue of fact is also unsupported (see Jones, 95 AD3d at 659-61 [1st Dept 2012] [testimony that the defendant did work in immediate area of defect was insufficient to raise issue of fact, and there was no evidence that defendant's [*2]paving work was done defectively as Con Edison approved the work]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024