Basturan v New York City Tr. Auth. (2024 NY Slip Op 05044)

Basturan v New York City Tr. Auth.

2024 NY Slip Op 05044

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 151270/17 Appeal No. 2802-2803 Case No. 2023-05492, 2024-2532 

[*1]Cemal Basturan, Plaintiff-Appellant,
v
New York City Transit Authority, Defendant-Respondent.

Wiese & Aydiner, PLLC, Mineola (Si Aydiner of counsel), for appellant.
Anna J. Ervolina, Brooklyn (Yolanda L. Ayala of counsel), for respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered July 11, 2023, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered April 12, 2024, which granted defendant's motion to strike plaintiff's supplemental bill of particulars and to preclude plaintiff from offering evidence at trial concerning new theories of liability set forth in the supplemental bill of particulars, and denied plaintiff's cross-motion for leave to serve an amended bill of particulars, unanimously affirmed, without costs.
Plaintiff alleges that he tripped and fell on a vertical metal post in the downtown subway station at Lexington Avenue and East 77th Street. According to plaintiff, as he was about to descend a set of stairs leading down to the platform, he moved to the right to avoid another pedestrian and his shoe made contact with the post, causing him to trip. Plaintiff testified that although he had used the stairway regularly for the around three years before the alleged accident, he never saw the post before. The deposition testimony of defendant's chief architect established that the post was part of a steel security gate locking system and was installed so that the downtown train entrance to the 77 Street subway station could be closed. After the filing of the note of issue and certificate of readiness, plaintiff sought to allege in an amended bill of particulars that defendant permitted a tripping hazard posed by "concealed obstructions along the stair path," and that the location of the post violated 2014 New York City Fire Code § 1027.3 (Unobstructed and Unimpeded Egress Required).
Defendant failed to establish its entitlement to summary judgment dismissing the complaint, as its submissions on its motion, including the photographs in the record, failed to eliminate all triable issues of fact as to whether the post was open and obvious and whether it was inherently dangerous. The photographs show that the post was affixed to the wall and located on the intermediate landing underneath the handrail. However, they also show that pedestrians descending the stairway could not have seen the post until they were stepping down onto the intermediate landing to take a right-hand turn before continuing down the stairway.
Given the evidence, the circumstances of plaintiff's accident present issues of fact not only as to whether the post was open and obvious, but also whether it was inherently dangerous (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71-73 [1st Dept 2004]; Juoniene v H.R.H. Constr. Corp., 6 AD3d 199, 200-201 [1st Dept 2004]). The record also presents an issue of fact as to whether the post was an unreasonably dangerous trap for the unwary, even if adequately maintained and not affected by any structural defect (see McNally v East Twins Enters., Inc., 19 AD3d 152, 153 [1st Dept 2005]).
Whether [*2]plaintiff exercised adequate care in negotiating the stairway presents an issue of comparative fault and does not eliminate issues of fact as to whether defendant breached its broader duty to maintain its stairway in a reasonably safe condition (see Hutson v Regis High School, 226 AD3d 478, 479 [1st Dept 2024]).
As to the April 12, 2024 order, Supreme Court providently exercised its discretion in granting defendant's motion and denying plaintiff's cross-motion. The notice of claim did not include the proposed allegations that were set forth in the supplemental bill of particulars, and the one year and 90 days to assert the allegations against a public benefit corporation had long since passed (General Municipal Law § 50-e[5]; see Ebron v New York City Hous. Auth., 177 AD3d 530, 530 [1st Dept 2019]). Because plaintiff failed to include the allegations in the notice of claim, he may not seek to introduce them by way of a proposed amendment to the bill of particulars (see Chipurnoi v Manhattan & Bronx Surface Tr. Operating Auth., 216 AD2d 171, 172 [1st Dept 1995]). Plaintiff also failed to offer a reasonable excuse for his delay in seeking leave to amend (see Gomez v City of New York, 138 AD3d 487, 488 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024