Riederer v Schulmann Props. Intl., LLC (2026 NY Slip Op 01416)

Riederer v Schulmann Props. Intl., LLC

2026 NY Slip Op 01416

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 158576/19|Appeal No. 6068|Case No. 2024-06051|

[*1]Josephine Riederer, Plaintiff-Appellant-Respondent,
vSchulmann Properties International, LLC et al., Defendants-Respondents-Appellants, Economy Services Corp., Defendant.

Pollack, Pollack, Isacc & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant-respondent.
Kahana & Feld LLP, New York (Kharis S.C. Lund of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered September 13, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross-motion for summary judgment on liability based on defendants Schulmann Properties International, LLC's and Brownstone Professional Services Corp.'s violations of 1 Rules of City of New York Department of Buildings (RCNY) § 15-10(r)(2) and section 3-8.1 of the Rules and Regulations of the Tenement House Department for the City of New York of 1937 (section 3-8.1), denied defendants' motion for summary judgment on plaintiff's comparative fault, and granted plaintiff's motion for leave to amend the bill of particulars to allege a violation of section 3-8.1, unanimously affirmed, without costs.
In the personal injury action, plaintiff alleges that defendants, the building owner and managing agent, respectively, violated RCNY 15-10(r)(2), section 3-8.1, Multiple Dwelling Law §§ 53 and 232, and Tenement Law Article 7 because the fire escape lacked a guardrail around the hatchway opening. On the night of her accident plaintiff was visiting a friend who lived on the fifth floor of the apartment building. Plaintiff alleges that when she ventured out onto the fire escape because she heard a woman screaming outside, she stepped into the unguarded stairway opening and fell to the concrete sidewalk five stories below.
Supreme Court providently exercised its discretion in granting plaintiff's motion to amend the bill of particulars post-filing note of issue to allege a violation of section 3-8.1 (see CPLR 3025 [b]). Defendants demonstrated no prejudice from the amendment, and plaintiff's initial bill of particulars provided notice of the theory of liability that plaintiff sought to add — namely, that defendants' failure to install a guardrail around the fire escape hatchway was a proximate cause of her injuries (see Torres v New York City Tr. Auth., 78 AD3d 419, 419-420 [1st Dept 2010]).
Supreme Court correctly denied defendants' motion for summary judgment to dismiss plaintiff's claims premised on Multiple Dwelling Law §§ 53 and 232 and the supplementary regulations, 1 RCNY 15-10(r)(2) and section 3-8.1. Although Multiple Dwelling Law § 53 states that it applies to fire escapes erected after April 18, 1929, and it is undisputed that the subject fire escape was erected in 1907, defendants failed to demonstrate that the supplementary regulations requiring a guardrail around all hatchways on new balconies, and when necessary, on existing balconies, do not apply to the fire escape under an exception to the grandfathering provisions (see Administrative Code of the City of New York §§ 27-115, 27-116). The affidavit of defendant Brownstone Professional Services Corp.'s CFO attesting to the operating costs of the building does not conclusively establish that no exception to the grandfathering provisions of the New York City Building Code is applicable to the subject fire escape (see White v New York City Hous. Auth., 139 AD3d 579, 579 [1st Dept 2016]). The CFO never explained why a certain entry showed that $1,200 was paid to a non-party in 2010 for an "Installed New Fire Escape," with a balance of $48,161.88. To the extent defendants' expert asserts that the entry was recorded in error because a new fire escape would have been more expensive, such opinion is speculative (see Santoni v Bertelsmann Prop., Inc., 21 AD3d 712, 714-715 [1st Dept 2005]).
For the same reasons, Supreme Court correctly denied plaintiff's cross-motion for summary judgment regarding defendants' alleged violations of 1 RCNY § 15-10(r)(2) and section 3-8.1, which require that a guardrail be put around hatchways on existing balconies "when necessary." Nothing in the record established as a matter of law that defendants violated these provisions by failing to provide a necessary guardrail, as there was no evidence of prior violations or accidents related to the fire escape (see Tripaldi v Senno, 288 NY 564, 565 [1942]). That the New York City Department of Buildings purportedly gave an advisory opinion after the accident that a guardrail was required around the subject hatchway of the fire escape pursuant to 1 RCNY 15-10(r)(2) does not require a different result.
Supreme Court properly denied summary judgment on the issue of plaintiff's comparative negligence. Whether plaintiff was comparatively negligent in walking onto an unilluminated fire escape, which she was using for the first time when there was no emergency, should be submitted to the jury as a fact issue (see Matos v Azure Holdings II, L.P., 181 AD3d 406, 407 [1st Dept 2020]).
Furthermore, plaintiff's argument that she is entitled to summary judgment on her common-law negligence claim is improperly raised for the first time on appeal, and we decline to review it (see Leitner v 304 Assoc., LLC, 129 AD3d 415, 416 [1st Dept 2015]; Wechsler v Wechsler, 58 AD3d 62, 79-80 [1st Dept 2008], appeal dismissed 12 NY3d 883 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026