Garcia v 267 Dev. LLC

2026 NY Slip Op 02780

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Pablo A. Garcia, Plaintiff,

v

267 Development LLC, Defendant.

and A Third-Party Action

267 Development LLC, Second Third-Party Plaintiff-Respondent,

v

Chutes and Compactors of New York Inc. Doing Business as Chutes Enterprises, Second Third-Party Defendant-Appellant.

Decided and Entered: May 05, 2026

Index No. 160076/16|Appeal No. 6524|Case No. 2025-01235|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Gallo Vitucci Klar LLP, New York (Chirag Satsangi of counsel), for appellant.

Schiavetti, Corgan, Diedwards, Weinberg & Nicholson, LLP, New York (Edward R. Nicholson of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 31, 2025, which, to the extent appealed from, denied the motion of second third-party defendant Chutes and Compactors of New York Inc. for summary judgment dismissing the second third-party complaint, unanimously reversed, on the law, without costs, the motion granted, and the second-third party complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff claims he sustained injuries as a result of being struck in his eye by glass while working as a porter near a trash compactor in a building owned by second-third party plaintiff 267 Development LLC. Chutes Enterprises (Chutes) was contracted by 267 Development LLC, to install the compactor. The parties do not dispute that the scope of Chutes' work pursuant to its contract was limited to the installation of the compactor with a proper cover. Nor do they dispute that Chutes completed the installation of the compactor approximately a year before plaintiff's accident. Thus, the owner's contractual indemnification claim against Chutes should be dismissed because Chutes "was no longer under a contractual obligation . . . at the time of plaintiff's accident and the indemnity provision [was] not triggered" (Chiarovano v 237 Park Owner, LLC, 232 AD3d 410, 410 [1st Dept 2024]).

The owner's common-law indemnity and contribution claims against Chutes should also have been dismissed because it failed to submit evidence that Chutes was negligent in not warning it about the absence of a safety cover on the compactor. There is no indication that the cover was missing when Chutes came to the building to service the compactor approximately five months before plaintiff's accident (see Agard v Port Auth. of N.Y. & N.J., 227 AD3d 404, 404-405 [1st Dept 2024]). Further, this Court has recognized that "[i]n the absence of a contract for routine or systematic maintenance, an independent repairer/contractor has no duty to install safety devices or to inspect or warn of any purported defects" (Rappaport v DS & D Land Co., L.L.C., 127 AD3d 430, 431 [1st Dept 2015] [internal quotation marks omitted]).

Finally, the owner abandoned its claim alleging that Chutes failed to procure insurance since it failed to oppose the part of Chutes' motion that sought summary judgment dismissing that claim (see Josephson LLC v Column Fin., Inc., 94 AD3d 479, 480 [1st Dept 2012]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026