■ GRISEIDA PUELLO, Respondent, v CITY OF NEW YORK, Appellant et al., Defendants. [934 NYS2d 169]—

Dismissal of the complaint was not warranted in this action where plaintiff alleges that she was injured when she tripped and fell in a "hole" that was a few feet to the left of the entrance of the building where she lived. Plaintiff testified that she exited from the recessed area between the two buildings that comprised her address and after she came down the walkway between the two buildings, she fell into a hole near the curb when she turned left to avoid an icy spot on the sidewalk. This testimony was consistent with the Big Apple map, which depicted a broken or raised curb in the area directly in front of the recessed portion between the buildings and with plaintiff's testimony that the hole into which she fell must have been filled in with cement after her fall. Moreover, even if plaintiff exited from one of the other buildings, the Big Apple map indicated that a hole was located on the sidewalk to the left of one entrance, and a sidewalk obstruction was located to the left of the other entrance. Accordingly, the record presents questions as to whether defendant had prior written notice of the condition (*Quinn v City of*

*New York*, 305 AD2d 570, 571 [2003] ["(w)here there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the map, the question should be resolved by a jury"]; *see Cruzado v City of New York*, 80 AD3d 537, 538 [2011]). Concur—Tom, J.P., Friedman, Freedman, Richter and Manzanet-Daniels, JJ.