■ ABDUL YOUSEF, Respondent, v KYONG JAE LEE et al., Defendants, and CITY OF NEW YORK, Appellant. [959 NYS2d 440]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered November 30, 2011, which denied defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Triable issues of fact exist in this action where plaintiff testified that he tripped and fell in a hole on the "edge" of the sidewalk and identified on a photograph a condition located between the sidewalk and the curb as the cause of his accident. While the City may not be liable to plaintiff if he was injured as the result of a dangerous condition in the sidewalk abutting the owners' property (*see* Administrative Code of City of NY § 7-210

[c]), it may be liable if the accident resulted from a dangerous condition of the curb (*see Garris v City of New York*, 65 AD3d 953 [1st Dept 2009]; *see also Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]).

The City also failed to demonstrate an absence of prior written notice of the alleged defective condition of the curb (*see* Administrative Code § 7-201 [c] [2]). The Big Apple map submitted by the City includes symbols reflecting an "[e]xtended section of broken, misaligned, or uneven curb," and an "[e]xtended section of raised or uneven sidewalk" in the area where plaintiff allegedly fell, and the City did not submit any evidence explaining the symbols on the map. Factual disputes as to whether the map gave notice of the particular defect that caused the accident are for a jury (*see Puello v City of New York*, 90 AD3d 529 [1st Dept 2011]). Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.