■ Jamie Rios Cruz, Respondent, v Mall Properties, Inc., et al., Defendants, 3rd & 60th Associates, L.P., Appellant, and City of New York, Respondent. [42 NYS3d 155]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about March 4, 2016, which, insofar as appealed from, denied the motion of defendant 3rd & 60th Associates, L.P. (Associates) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Associates failed to establish that plaintiff's trip and fall was caused by a defect in the curb, for which defendant City of New York may be held liable, and not by a defect in the sidewalk abutting Associates' property or between the sidewalk and the curb, for which Associates may be held liable (*see* Administrative Code of City of NY §§ 7-210 [c]; 19-101 [d]; *Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]; *Yousef v Kyong Jae Lee*, 103 AD3d 542 [1st Dept 2013]). In support of its motion, Associates relied on plaintiff's deposition and General Municipal Law § 50-h testimony in which he consistently testified that he fell on the sidewalk, or on a defect in between the sidewalk and the curb, referring to photographs of the location. The affidavit of Associates' expert engineer was of little probative value since he did not inspect the accident until years later, after repairs had been made (*see Sarmiento v C & E Assoc.*, 40 AD3d 524, 526-527 [1st Dept 2007]). The engineer also relied on the same photographs that plaintiff provided, which do not eliminate the possibility of a finding that plaintiff fell due to a defect in the sidewalk or between the sidewalk and the curb for which Associates is responsible. Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.