Vizcaino v Park Lane Mosholu, LLC (2020 NY Slip Op 01122)





Vizcaino v Park Lane Mosholu, LLC


2020 NY Slip Op 01122


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11046 24866/17E

[*1] Carmen Vizcaino, Plaintiff-Respondent,
v
Park Lane Mosholu, LLC, et al., Defendants-Appellants, The City of New York, Defendant-Respondent.


Hannum Feretic Prendergast & Merlino, LLC, New York (Laurie A. Tascione of counsel), for appellants.
Peña & Kahn, PLLC, Bronx (Eric J. Gottfried of counsel), for Carmen Vizcaino, respondent.
Georgia M. Pestana, Acting Corporation Counsel, New York (Janet L. Zaleon of counsel), for The City of New York, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 12, 2018, which denied the motion of defendants Park Lane Mosholu, LLC and Rettner Building Management Corp. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants failed to make a prima facie showing that the defect that caused plaintiff's fall was located entirely within the curb (e.g. Rojas v Empire City Subway Co. Ltd., 173 AD3d 626 [1st Dept 2019]; Rios Cruz v Mall Props., Inc., 145 AD3d 463 [1st Dept 2016]; Yousef v Kyong Jae Lee, 103 AD3d 542 [1st Dept 2013]). Plaintiff's nonspecific testimony and the circles she placed on the photograph of the premises establish that the defect may have extended onto the sidewalk. The remainder of the motion for summary judgment was premature because defendants had not been deposed and they are exclusively in possession of essential facts concerning notice and creation of the hole (see Figueroa v City of New York, 126 AD3d 438, 439 [1st Dept 2015]; Brooks v Somerset Surgical Assoc., 106 AD3d 624 [1st Dept 2013]; CPLR 3212[f]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK