Rosemary Rosa, Respondent,
against
1003 Willoughby Associates, LLC, Appellant. 




Law Offices of Benjamin D. Pelton (Benjamin D. Pelton of counsel), for appellant.
Rosemary Rosa, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered January 25, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,300.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment dismissing the action.
Plaintiff commenced this small claims action to recover the sum of $4,950 for damage allegedly caused by defendant to the curb in front of plaintiff's Brooklyn, New York, home. At a nonjury trial, plaintiff testified that the sidewalk was undamaged and that the crack in the curb had not yet been fixed. She submitted into evidence only one estimate of repairs. Following the trial, the Civil Court awarded plaintiff the principal sum of $3,300.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
In New York City, sidewalks, curbs, and roadways are owned by the City (see e.g. Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 170 [2019]; Weiss v City of New York, 170 AD3d 579, 580 [2019]). Administrative Code of the City of New York § 7-210 provides, however, that a real property owner, not the City, is liable for maintaining an abutting sidewalk in a reasonably safe condition (see Administrative Code § 7-210 [a]). Although section 7-210 does not define the term "sidewalk," Administrative Code § 19-101 (d) defines sidewalk as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians." Consequently, while real property owners in New York City are responsible for maintaining the sidewalk in front of their property, they are not responsible for maintaining the curb (see Rios Cruz v Mall Props., Inc., 145 AD3d 463 [2016]; Edwards v W.K. Nursing Home Corp., 107 AD3d 639, 640 [2013]; Alleyne v City of New York, 89 AD3d 970, 971 [2011]).
Here, only the curb in front of plaintiff's home sustained damage, and it is the City's duty to repair the curb, which it, not plaintiff, owns. Thus, plaintiff failed to establish a prima facie case against defendant for alleged property damage because she neither owns the curb nor is responsible for its maintenance (see Smith v Knights Collision Experts Inc., 61 Misc 3d 148[A], 2018 NY Slip Op 51734[U] [App Term, 1st Dept 2018]).We also note that, in any event, plaintiff submitted only one estimate for the cost of repair (see Bynoe v S & E Customize It Auto Collision Corp., 64 Misc 3d 147[A], 2019 NY Slip Op 51361[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Roberts v Jeep, 59 Misc 3d 144[A], 2018 NY Slip Op 50728[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), which is insufficient to establish the cost to repair damage in a small claims action (see CCA 1804).
Under the circumstances, we find that the judgment failed to provide the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d at 126).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment dismissing the action.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 28, 2020