Aikanat v Spruce Assoc., L.P. (2020 NY Slip Op 02188)





Aikanat v Spruce Assoc., L.P.


2020 NY Slip Op 02188


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11358N 161887/14 150107/15 152551/15 156593/15 595828/17 595836/18 595019/19 [A

[*1]Orhan Aikanat, Plaintiff-Respondent,
v
Spruce Assoc., L.P., et al., Defendants-Appellants. [Third-Party Action and Other Actions]


Cozen O'Connor, New York (Rafael Rivera, Jr. of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 1, 2019, which, inter alia, in this action for personal injuries, denied the motion of defendants Spruce Assoc., L.P., Pine Assoc., LLC, Reed Elsevier Inc. and Reed Elsevier Realty Corporations (collectively defendants) to vacate the note of issue and compel further discovery, unanimously affirmed, without costs.
The court providently exercised its discretion in declining to vacate the note of issue or permit post-note of issue discovery in light of defendants' failure to seek the discovery at an earlier time (see generally Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]). Although defendants requested authorization to obtain plaintiff's tax returns in 2015, they took no action to enforce their request until after the note of issue was filed. Similarly, they did not seek the Facebook Data until soon before the note of issue was filed, despite the asserted need for the information based on plaintiff's testimony in his depositions, the last of which was taken in July 2018.
Defendants contend that the note of issue should be vacated because plaintiff misrepresented in the certificate of readiness that discovery was complete. However, the certificate of readiness correctly stated that plaintiff responded to all outstanding discovery requests, in that objections are an appropriate response. Furthermore, defendants failed to indicate why they are entitled to the discovery they belatedly sought; why the information in the tax returns was not available from another less private source, such as plaintiff's employer's payroll records (see Gama Aviation Inc. v Sandton Capital Partners, LP, 113 AD3d 456, 457 [1st Dept 2014]); and why they waited so long to request the social media information.
Defendants also assert that they were also improperly denied the opportunity to depose a corporate witness from third-party defendant BGC Partners, Inc. (BGC), who had knowledge of their claims for contractual indemnification and failure to procure insurance, and that the first witness produced by BGC did not have the requisite knowledge. However, they fail to indicate why they waited until after the note of issue was filed to seek this discovery inasmuch as the sale of assets to BGC occurred in April 2012, and defendants deposed the corporate witness in August 2018. The court further noted that defendants moved for summary judgment on their [*2]indemnification claims against BGC, demonstrating that the additional discovery was superfluous.
We have considered defendants' remaining arguments and find then unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK