Marks v 79th St. Tenants Corp. (2021 NY Slip Op 00629)





Marks v 79th St. Tenants Corp.


2021 NY Slip Op 00629


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 153486/15 Appeal No. 13045-13045A Case No. 2020-02895 

[*1]Sondra Marks, Plaintiff-Appellant,
v
79th Street Tenants Corp. et al., Defendants-Respondents.


Pazer, Epstein, Jaffe & Fein, P.C., New York (Jason Levine of counsel), for appellant.
Mauro Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for 79th Street Tenants Corp, respondent.
Perry, Van Etten, Rozanski & Kutner, LLP, Melville (Thomas F. Maher of counsel), for New 56-79 I.G. Associates, L.P., respondent.



Orders, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about December 23, 2019, which granted defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions denied.
Although defendants made out a prima facie case that the sidewalk defect that caused plaintiff to trip and fall was trivial and not actionable, plaintiff raised triable issues of fact in opposition (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 78 [2015]). Defendants and the motion court relied extensively on the height differential between the sidewalk flags, applying a mechanistic disposition of a case based exclusively on the dimension of a sidewalk defect, which defendants' expert measured to be seven-sixteenths of an inch (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Schwartz v Bleu Evolution Bar & Rest. Corp., 90 AD3d 488 [1st Dept
2011]).
Plaintiff presented evidence that the height differential was not the only factor that caused her to trip. First, plaintiff established that the sidewalk was covered by a scaffolding that darkened the sidewalk and made it harder to see a sidewalk defect (Keech v 30 E. 85th St. Co., 173 AD3d 645, 645-646 [1st Dept 2019]; cf. Hutchinson, 26 NY3d at 66, 80). Second, plaintiff established through her expert that the expansion joint between the sidewalk flags was recessed an inch below the surface, when it should have been filled in and flush with the surface (see New York City Department of Transportation Highway Rule § 2-09[f][4][v]). The recessed expansion joint, which was repaired by the time defendants' expert examined the sidewalk, added to the hazard (cf. Kavanaugh v Archdiocese of the City of N.Y., 152 AD3d 654 [2d Dept 2017]).
Moreover, defendants' expert did not inspect the area where plaintiff fell until more than 3 ½ years after plaintiff's accident. Accordingly, the court would have been entitled to discount that expert's conclusions, at least insofar as they relied heavily on the height differential without taking into account the deteriorated expansion joint or the scaffolding (see Rios Cruz v Mall Props., Inc., 145 AD3d 463 [1st Dept 2016]). Plaintiff's expert averred that he visited the location of plaintiff's accident twice, once a few months after plaintiff's accident, and once after defendant's expert's analysis, and found that the area had been patched in between those two visits, corroborating plaintiff's
eyewitness testimony that she observed after her accident that the area had been repaired and contradicting the testimony of the superintendent of 435 East 79th Street that the area had not been repaired after plaintiff's accident. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021