Miranda v Hanover Riv. House Inc. (2021 NY Slip Op 03257)





Miranda v Hanover Riv. House Inc.


2021 NY Slip Op 03257


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Index No. 25545/16E Appeal No. 13879N Case No. 2020-00651 

[*1]Omayra Miranda, as Administratix of the Estate of Miguel A. Rivera, Also Known as Miguel A. Rivera Fernandez, Plaintiff-Appellant,
v
Hanover River House Inc. et al., Defendants.
Hanover River House Inc., et al., Third-Party Plaintiffs,
v
Aerial Window Cleaning LLC, Third-Party Defendant-Respondent.
Henry Lanier, Second Third-Party Plaintiff- Respondent,
v
Aerial Window Cleaning LLC Now Known as Apple Cleaning Company, Second Third-Party Defendant-Respondent.


The Yankowitz Law Firm, P.C., Great Neck (Steven R. Widom of counsel), for appellant.
Varvaro, Cotter & Bender, White Plains (Rose M. Cotter of counsel), for Henry Lanier, respondent.
Braverman Greenspun, P.C., New York (Steven R. Goldstein of counsel), for Aerial Window Cleaning LLC, respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered January 2, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to vacate or extend the note of issue and to compel further discovery, unanimously affirmed, without costs.
The decedent Miguel Rivera died after falling out of a fifth-floor window of a cooperative duplex apartment building located at 335 Greenwich Street during the course of his employment as a window washer. At that time, he was employed by third-party defendant Aerial Window Cleaning, LLC (Aerial Window).
The court exercised its discretion in a provident manner in declining to vacate the note of issue or permit post-note of issue discovery in light of plaintiff's failure to seek the discovery at an earlier time (see Aikanat v Spruce Assoc., L.P., 182 AD3d 437 [1st Dept 2020]). The record shows that plaintiff has a history of not complying with court-ordered discovery obligations (see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 521 [2005]).
Furthermore, plaintiff did not meet her burden of showing that additional depositions are material and necessary (see Gomez v State of New York, 106 AD3d 870, 872 [2d Dept 2013]). Plaintiff merely stated that the deposition of Aerial Window's principal owner was necessary because of his position in the company and knowledge concerning the safety equipment the employees used. However, plaintiff failed to show that the deposition testimony of Aerial Window's former employee and coworker of the decedent was insufficient or inadequate. The court also did not abuse its discretion when declining to subpoena additional nonparty witnesses, given that plaintiff had knowledge of their identities since the start of this action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021