Rios v City of New York (2021 NY Slip Op 06110)





Rios v City of New York


2021 NY Slip Op 06110


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 153910/18 Appeal No. 14589 Case No. 2021-02041 

[*1]Carmen M. Rios, Plaintiff-Appellant,
v
City of New York, Defendant, Lower East Side I Assoc. LP, et al., Defendants-Respondents.


Ami Morgenstern, PLLC, Long Island City (Marc Andrew Williams of counsel), for appellant.
Dorf & Nelson LLP, Rye (Robert P. Pagano of counsel), for respondents.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered June 7, 2021, which granted the motion of defendants Lower East Side I Assoc. LP and CDC Management Corporation's (together, Owners) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
While the City of New York may be held liable for a dangerous condition of the curb, the Owners may be liable for a dangerous condition of the sidewalk (Administrative Code of the City of New York, §§ 7-210, 19-101[d]; see Yousef v Kyong Jae Lee, 103 AD3d 542, 542-543 [1st Dept 2013]). Here, plaintiff testified at her 50-h hearing that the height differential between two portions of the metal curb caused her trip and fall; at no time during the 50-h hearing did plaintiff testify that a height differential between the curb and the sidewalk caused the accident. Similarly, neither the notice of claim, the complaint, nor the initial bill of particulars alleged that the sidewalk was misleveled. Rather, plaintiff alleged in those documents that the defective metal curb caused the accident. However, in her affidavit in opposition to the Owners' motion, plaintiff averred that she tripped because of the height differential between the curb and the sidewalk. The change in plaintiff's account of how she fell, submitted only after the Owners' motion for summary judgment, is tailored to avoid the consequences of her 50-h testimony, and thus is insufficient to raise an issue of fact (see Garcia-Martinez v City of New York, 68 AD3d 428, 429 [1st Dept 2009]).
We reject plaintiff's assertion that the motion is premature because additional discovery is necessary under CPLR 3212(f). Plaintiff fails to offer anything other than conjecture to support this position (see Voluto Ventures, Inc v Jenkins & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]; Global Mins. and Metals Corp. v Holme, 35 AD3d 93, 103 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021