Bagley v 1122 E. 180th St. Corp (2022 NY Slip Op 01730)





Bagley v 1122 E. 180th St. Corp


2022 NY Slip Op 01730


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 25795/15 Appeal No. 15503 Case No. 2020-03622 

[*1]Cynthia T. Bagley, Plaintiff-Respondent-Appellant,
v
1122 East 180th Street Corp, Defendant-Appellant-Respondent, Kaufman Manufacturing Group, Defendant, The City of New York et al., Defendants-Respondents.
1122 East 180th Street Corp., Third-Party Plaintiff-Appellant-Respondent,
v
AP Plumbing & Heating, Inc., Third-Party Defendant-Respondent-Appellant.
1122 East 180th Street Corp, Second Third-Party Plaintiff-Appellant-Respondent
v
Consolidated Edison Company of New York Inc., Second Third-Party Defendant-Respondent.


Miller Leiby & Associates, P.C., New York (Jeffrey R. Miller of counsel), for appellant-respondent.
Burns & Harris, New York (Daniel Wright of counsel), for Cynthia Bagley, respondent-appellant.
Matthew A. Kaufman, New York, for AP Plumbing & Heating, Inc., respondent-appellant.
Georgia M. Pestana, Corporation Counsel, New York (Julie Steiner of counsel), for municipal respondents.
The Law Office of Alexander C. Aviles, New York (Stephen T. Brewi of counsel), for Consolidated Edison Company of New York, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 9, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendants The City of New York, New York City Department of Education, New York City Department of Design and Construction, and New York City School Construction Authority (collectively, the City defendants) for summary judgment dismissing the complaint and all cross claims against them, denied the motion of defendant AP Plumbing & Heating, Inc. for summary judgment dismissing the third-party complaint against it and to strike the note of issue and for additional discovery, and granted the motion of second third-party defendant Consolidated Edison Company of New York Inc. (Con Ed) for summary judgment dismissing the second third-party complaint and all cross claims against it, unanimously modified, on the law, to deny the City defendants' motion for summary judgment, and otherwise affirmed, without costs.
The City defendants failed to demonstrate prima facie that they did not receive prior written notice of the sidewalk and curb defect that plaintiff identified as the cause of her fall (see Administrative Code of City of NY § 7-201[c][2]). The last Big Apple map received by the City before the accident indicates that the curb of the sidewalk where plaintiff claims she fell has a symbol for an "[e]xtended section of broken, misaligned, or uneven curb" (i.e., X-X) (see Sanchez v City of New York, 176 AD3d 490, 491 [1st Dept 2019]).
Contrary to the City defendants' contention, plaintiff's testimony establishes that there are factual issues as to the location of the defect that caused her fall (see Reyes v City of New York, 63 AD3d 615, 615 [1st Dept 2009], lv denied 13 NY3d 710 [2009]). Plaintiff testified that she fell on loose and broken concrete that was in the curb and on the sidewalk. The City defendants' contention that the symbol for broken, misaligned, or uneven curb (i.e., X) is the only applicable symbol for the alleged defect is unavailing. Plaintiff testified that the alleged defect was about "two feet" wide, and the symbol for an extended broken and misaligned, or uneven curb (i.e., X-X) also encompasses whatever happens at that particular location (id. at 616). Further, the symbol is located in front of the school near the corner where plaintiff claims she fell, and the City defendants submitted no evidence explaining why that symbol is not applicable to the area where plaintiff fell (see Yousef v Kyong Jae Lee, 103 AD3d 542, 543 [1st Dept 2013]). Accordingly, the issue of whether the Big Apple map showing an extended broken and misaligned, or uneven curb gave the City defendants sufficient notice of the broken curb on which plaintiff fell is for the jury to decide (see Vasquez v City of New York, 298 AD2d 187 [1st Dept 2002]).
The court correctly found that Con Ed established its prima facie entitlement to summary judgment by demonstrating that it did [*2]not cause or create the sidewalk and curb defect. Con Ed submitted the testimony and affidavit of its record searcher that the work it performed at the location was in the roadway, and it submitted a report of street and/or sidewalk openings that indicates that the roadway was restored about a year-and-a-half before the accident (see Flores v City of New York, 29 AD3d 356, 357-359 [1st Dept 2006]). 1122 East failed to raise a triable issue as to whether the work Con Ed performed to the roadway adjacent to the accident location created a duty to plaintiff that was breached or whether Con Ed caused or contributed to the alleged condition on the curb and sidewalk (see Blech v West Park Presbyt. Church, 97 AD3d 443, 444 [1st Dept 2012]). Contrary to 1122 East's contention, the record searcher's affidavit that the work Con Ed performed before the accident was in the roadway, and that there were "no records for work that was near the accident location," does not conflict with her deposition testimony that Con Ed's work permit allowed it to open the roadway or the sidewalk to install conduit (see Alvia v Mutual Redevelopment Houses, Inc., 56 AD3d 311, 312 [1st Dept 2008]).
The court correctly denied AP Plumbing's motion for summary judgment. AP Plumbing failed to offer evidence sufficient to show that its employees did not cause or create the alleged defect in the curb and sidewalk while repairing the sidewalk before the accident. AP Plumbing's witness testified that AP Plumbing kept no records regarding the work it performed to the sidewalk nor did he have a recollection about the work it performed at the property before plaintiff fell (see Santiago v New York City Health & Hosps. Corp., 66 AD3d 435, 435 [1st Dept 2009]).
The court providently exercised its discretion in declining to vacate the note of issue or permit post-note of issue discovery in light of AP Plumbing's failure to seek the discovery, including the deposition of the school principal, at an earlier time (see Aikanat v Spruce Assoc., L.P., 182 AD3d 437, 437 [1st Dept 2020]; Price v Bloomingdale's, 166 AD2d 151, 152 [1st Dept 1990]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022