Rivera v City of New York (2022 NY Slip Op 06449)

Rivera v City of New York

2022 NY Slip Op 06449

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Higgitt, JJ. 

Index No. 159520/16 Appeal No. 16638 Case No. 2020-03940 

[*1]Clementina Rivera, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, KWNY Management, LLC, et al., Defendants.

The Barnes Firm, New York (Josh C. Olmstead of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 3, 2020, which, to the extent appealed from, granted so much of defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Contrary to plaintiff's argument, whether her accident occurred, as a matter of law, on the sidewalk or the curb is irrelevant, given that there is no viable means for her to recover against the City under either applicable standard. Specifically, the City first established prima facie that, if plaintiff's accident occurred on the sidewalk, then it could not be held liable, pursuant to Administrative Code of City of NY § 7-210 (c), because the adjacent property was neither owned by the City nor a "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (see e.g. Bowe v Valentine, 195 AD3d 463 [1st Dept 2021]). The City also established prima facie that, if plaintiff's accident occurred on the curb, then it could not be held liable because it lacked prior "written notice of the defective, unsafe, dangerous or obstructed condition," as required by Administrative Code § 7-201 (c) (2) (see e.g. Correa v Mana Constr. Group Ltd., 192 AD3d 555 [1st Dept 2021]; Hued v City of New York, 170 AD3d 571 [1st Dept 2019]).
Plaintiff failed to raise an issue of fact in opposition. Her reliance on the Big Apple Map that the City produced is misplaced, as the key to the Big Apple Map indicates that curb-related defects are indicated with an "X," and no such symbol appears on the Big Apple Map in front of the property at which plaintiff's accident occurred (compare Bagley v 1122 E. 180th St. Corp., 203 AD3d 502, 502-503 [1st Dept 2022]).
Furthermore , plaintiff failed to establish that the City's motion was premature, since she did not show that "'it appear[s] . . . that facts essential to justify opposition may exist but cannot . . . be stated' (CPLR 3212 [f]) because they lie within [the City's] exclusive knowledge" or control (Corona v HHSC 13th St. Dev. Corp., 197 AD3d 1025, 1026 [1st Dept 2021]; see e.g. Greca v Choice Assoc. LLC, 200 AD3d 415, 416 [1st Dept 2021]; compare e.g. Lyons v New York City Economic Dev. Corp., 182 AD3d 499 [1st Dept 2020]; Marabyan v 511 W. 179 Realty Corp., 165 AD3d 581, 581-582 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022