Tatis v Triborough Constr. Servs., Inc. (2023 NY Slip Op 01247)

Tatis v Triborough Constr. Servs., Inc.

2023 NY Slip Op 01247

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Acosta, P.J., Manzanet-Daniels, Kapnick, Shulman, Higgitt, JJ. 

Index No. 27597/18E Appeal No. 17492 Case No. 2022-03627 

[*1]Silvestre Tatis, Plaintiff-Respondent,
v
Triborough Construction Services, Inc., et al., Defendants-Appellants, Leavitt Manor Condominium Association, Inc. Defendant.
Triborough Construction Services, Inc., et al., Third-Party Plaintiffs-Appellants,
v
Deder Construction, LLC., Third-Party Defendant, The Safety Group Ltd., Third-Party Defendant-Respondent.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Denis M. Farrell of counsel), for Triborough Construction Services Inc., appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Michael J. Caulfield of counsel), for Farrington Realty, LLC, appellant.
Brand Glick Brand, P.C., East Meadow (Roman J. Shakh of counsel), for respondent.

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 28, 2022, which denied defendant Triborough Construction Services, Inc's motion to vacate the note of issue except to the extent of extending its time to move for summary judgment, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the motion to vacate the note of issue since there was no misstatement of material fact in the certificate of readiness, which correctly stated that discovery was complete, and defendants failed to identify any outstanding discovery or explain their delays in prosecuting the third-party action (Aikanat v Spruce Assoc., L.P., 182 AD3d 437, 437 [1st Dept 2020]; Gomes v Valentine Realty LLC, 32 AD3d 699, 700 [1st Dept 2006]; 22 NYCRR 202.21[e]). Defendants' assertion that discovery might be necessary because one of the third-party defendants had indicated it would appear after defaulting, did not warrant vacating the note of issue and further delaying resolution of plaintiff's claim (see Abe v New York Univ., 169 AD3d 445, 448 [1st Dept 2019], lv dismissed 34 NY3d 1089 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023