**Fatty v City of New York**

2024 NY Slip Op 32532(U)

July 23, 2024

Supreme Court, New York County

Docket Number: Index No. 150898/2018

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO      PART        05M

*Justice*

-----------------------------------------------------------------------------X

MODOU FATTY,

                Plaintiff,

          - v -

CITY OF NEW YORK, MEPT 757 THIRD AVENUE LLC,MEPT EDGEMOOR OPERATING LP, CVS ALBANY, LLC

                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150898/2018 |
| MOTION DATE | 12/29/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53

were read on this motion to/for             JUDGMENT - SUMMARY        .

With the instant motion, defendant the City of New York ("City") moves, pursuant to CPLR § 3211(a)(7) and § 3212, for summary judgment and dismissal of plaintiff Modou Fatty's ("Plaintiff") complaint on the grounds that the City did not receive prior written notice of the defect that allegedly caused Plaintiff's accident, as required under § 7-201 of the Administrative Code of the City of New York. Plaintiff opposes the motion and cross-moves under GML § 50(e)(6) and CPLR §3025 to amend his notice of claim, complaint, and bill of particulars.

## BACKGROUND

This action arises from an incident that occurred on November 18, 2016, when Plaintiff, in the course of his employment, tripped and fell in a pothole at the edge of a curb/driveway located on East 47th Street between 2nd and 3rd Avenues. Plaintiff seeks to recover damages for personal injuries sustained as a result of the fall.

## DISCUSSION

On a motion to dismiss for failure to state a cause of action under CPLR § 3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). The court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings. Accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764).

Under the Administrative Code of City of New York § 7-201 (c)(2), no action may be maintained against the City for an allegedly defective condition on a roadway unless the City had prior written notice of said condition and failed to correct it within fifteen days of receiving the notice (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). The only recognized exceptions to the prior written notice requirement involve situations in which the municipality caused or created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]).

Because prior written notice is a condition precedent, courts have consistently dismissed cases where plaintiffs fail to prove that the municipality had notice of the defect that caused their injury (*see Katz v. City of New York*, 87 NY2d 241 [1995]; *see e.g. Gray v City of New York*, 195 AD3d 538, 538 [1st Dept 2021] ["the City established prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the alleged dangerous condition as required by (the Administrative Code)"]; *Correa v Mana Constr. Grp. Ltd.*, 192 AD3d 555, 555 [1st Dept 2021] ["The City established its prima facie entitlement to summary judgment by establishing that it lacked prior written notice of the alleged defective condition of the manhole cover, which is a condition precedent to liability for personal injuries sustained as a result of alleged roadway defects"]). Indeed, it is well-settled law that the City must receive prior written notice of the alleged defective condition for liability to attach. The lack of such written notice required dismissal of the complaint (*see Katz*, 87 NY2d 241, *supra*; *Laing v. City of New* York, 71 NY2d 912 [1988]; *Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629 [1974]). Compliance with Administrative Code § 7-201 is a statutory prerequisite to suit against the City, and failure to comply with the law bars a claim against the City.

Here, the City argues that the complaint should be dismissed as against it pursuant to CPLR § 3211 because it did not have prior written notice of the alleged defective condition, as required under Administrative Code § 7-201. However, lack of prior written notice under Administrative Code § 7-201 is not a valid ground for a motion to dismiss pursuant to CPLR § 3211. Rather, a motion on that ground is in the nature of summary judgment, because the City must submit proof, as it did here, outside of the pleadings to establish that it did not receive any prior written notice of the allegedly defective condition (*see e.g. Brill v City of New York*, 2 NY3d 648 [2004]). Indeed, pursuant to CPLR § 3212(b), a court shall grant summary judgment if "upon all papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party."

As such, the court assesses the instant motion in the same vein as a motion for summary judgment governed by the cited precedent on the issue of prior written notice. When the City moves for summary judgment under CPLR § 3212, it must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]). Once that standard has been satisfied, the burden shifts to the opponent to rebut that prima facie showing by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

Here, the City contends that the complaint should be dismissed because it did not have prior written notice of the alleged defective condition, as required under Administrative Code § 7-

**150898/2018   FATTY, MODOU vs. CITY OF NEW YORK**
**Motion No.  001**

Page 2 of 4

201. The City also argues that it is entitled to summary judgment because it did not receive any prior written notice of the defect, nor did it cause or create the defect.

Upon review of the motion papers, evidence submitted, and the pertinent arguments presented, the court agrees with the City's analysis and grants the City's motion for summary judgment and denies Plaintiff's cross-motion to amend the notice of claim, complaint, and bill of particulars.

First, Plaintiff fundamentally misinterprets and mischaracterizes the prior written notice requirement. It is a well-established principle that the burden falls squarely on the Plaintiff to both plead and prove prior written notice in any permissible form. This requirement has been exhaustively detailed in the City's motion and the court finds that Plaintiff has failed to meet this burden. Plaintiff asserts that the Department of Transportation's records indicate that the City received prior written notice of the hazardous condition that allegedly caused Plaintiff's fall. However, Plaintiff has failed to specify which document purportedly conveys such notice, thus engaging in vague and speculative assertions that are insufficient to defeat the City's entitlement to summary judgment.

Plaintiff's reliance on the Big Apple Map is similarly misplaced. As the City has persuasively argued, the Big Apple Map does not demonstrate prior written notice of a pothole or other hazard at the location of Plaintiff's accident. Plaintiff's attempt to draw parallels to *Bagley v. 1122 E. 180th St. Corp.*, 203 AD3d 502 (1st Dept 2022), is unavailing, as the facts in *Bagley* involved a clearly marked hazard on the Big Apple Map, which is not the case here.

Furthermore, Plaintiff's argument that the New York City Administrative Code should be construed in alignment with Highway Law 139(2) is without merit. The cases cited by Plaintiff, *Phillips v. County of Nassau*, 50 AD3d 755 (2d Dept 2008) and *DeHoust v. Aakjar*, 290 AD2d 927 (3d Dept 2002), involve different municipal codes and do not support the leap in logic Plaintiff suggests. The applicable standard for determining liability in cases involving the City of New York is strictly construed by the terms of Administrative Code 7-201, as clarified in cases like *Tucker v. City of New York*, 84 AD3d 640 (1st Dept 2011).

Here, the City has demonstrated, with prima facie evidence, that it did not receive prior written notice of the specific condition involved in Plaintiff's incident. Additionally, the City has shown that it did not cause or create the alleged hazardous condition. Plaintiff's speculative assertions and reliance on general caselaw are insufficient to raise a triable issue of fact. The City's evidence, including Yelena Pasynkova's affidavit, establishes that any defective conditions were repaired prior to Plaintiff's accident, and there is no evidence that the City performed work that immediately resulted in a hazardous condition as required by the "cause and create" exception under *Yarborough v. City of New York*, 10 NY3d 726 (2008).

Plaintiff's motion to amend the notice of claim, complaint, and bill of particulars must also be denied. The statute of limitations for the November 18, 2016 incident expired on February 16, 2018, well before Plaintiff's deposition and subsequent cross-motion. The amendments Plaintiff seeks are substantive in nature and not within the purview of GML § 50-e(6), which only permits

**150898/2018  FATTY, MODOU vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

corrections of technical defects or omissions. Changing the description of the defect's location from the sidewalk to the roadway is prejudicial to the City and thus impermissible.

Moreover, any attempt by Plaintiff to file a late notice of claim under GML § 50-e(5) is similarly time-barred, as the applicable statute of limitations expired over six years ago. The court is without discretion to grant such relief outside the statute of limitations period. As such, Plaintiff has failed to provide sufficient evidence or legal support to refute the City's entitlement to summary judgment. The City's motion must therefore be granted, and Plaintiff's cross-motion to amend the notice of claim, summons, and complaint must be denied in its entirety. Accordingly, it is hereby

ORDERED that the City's motion is granted in its entirety; and it is further

ORDERED that Plaintiff's cross-motion is denied in its entirety; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in the City's favor accordingly.

This constitutes the decision and order of the court.

20240723155030HKING0316F90E531BB4864A41CB3027C0CB241

_____
**7/23/2024**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150898/2018   FATTY, MODOU vs. CITY OF NEW YORK**
**Motion No.  001**

Page 4 of 4

[* 4]