Allied World Natl. Assur. Co. v AIG Specialty Ins. Co. (2025 NY Slip Op 00372)

Allied World Natl. Assur. Co. v AIG Specialty Ins. Co.

2025 NY Slip Op 00372

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. 654162/21 Appeal No. 3564 Case No. 2024-03661 

[*1]Allied World National Assurance Company et al., Plaintiffs-Respondents,
v
AIG Specialty Insurance Company, Defendant, Ironshore Specialty Insurance Company, Defendant-Appellant.

Jaffe & Asher LLP, White Plains (Marshall T. Potashner of counsel), for appellant.
Elsasser Law Group PC, New York (Deborah A. Elsasser of counsel), for Allied World National Assurance Company, respondent.
Powell, Kugelman & Postell, LLC, New York (Joanna L. Crosby and Jared Paul Miller of counsel), for Endurance American Insurance Company, respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 6, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of Ironshore Specialty Insurance Company to compel discovery of plaintiffs' unredacted claims notes and extend the note of issue filing deadline, denied Ironshore and AIG Specialty Insurance Company's motion to compel the deposition of plaintiffs' expert and adjourn the note of issue filing deadline, and denied Ironshore and AIG's motion to vacate the note of issue and certificate of readiness, unanimously modified, on the law, to remand to Supreme Court for an in camera review to ascertain what if any portion of plaintiff Endurance American Insurance Company's redacted claims notes constitute attorney work product or attorney-client communications, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in denying the motion to conduct a deposition of plaintiffs' expert. Ironshore could have served a notice of deposition sooner or could have moved to compel the deposition of plaintiffs' expert, but delayed until soon before the note of issue was filed (see Aikanat v Spruce Assoc., L.P., 182 AD3d 437, 437 [1st Dept 2020]). Similarly, as to the unredacted claims notes of plaintiff Allied World National Assurance Company, Ironshore waited until soon before the note of issue was filed despite having earlier completed the deposition that gave rise to the asserted waiver.
As to Endurance's claims notes, Ironshore did not have a reasonable opportunity to conduct the discovery sought because Endurance's affirmative actions caused various delays to the discovery schedule (see Sterlacci v Water St. Fee, 283 AD2d 342, 342 [1st Dept 2001]). Furthermore, Endurance's witness, in reviewing the entirety of Endurance's claims notes, waived the conditional privilege that attaches to material prepared for litigation (see Beach v Touradji Capital Mgt., LP, 99 AD3d 167, 171 [1st Dept 2012]). Although attorney work-product privilege is still protected (see id.), as are attorney-client communications, Endurance has not yet sustained its burden of showing that the redacted claims notes can be classified as unwaivable (see Bluebird Partners v First Fid. Bank, N.J., 248 AD2d 219, 225 [1st Dept 1998], lv dismissed 92 NY2d 946 [1998]). Nor, based on the record before us, can we determine whether Endurance's redactions were appropriate. Accordingly, we remand the matter for an in camera review of Endurance's claims notes to determine whether the redacted portions are subject to attorney-client or work-product privileges.
Contrary to Ironshore's contention, this case should be left on the trial calendar, as it is not necessary to vacate the note of issue and certificate of readiness given the limited additional discovery required (see Lewis v Verizon N.Y. Inc., 199 AD3d 572, 573 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: January 23, 2025